**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHELLY ANNE HUDSON, | No. 10-55561 |
| Plaintiff-Appellant, | D.C. No. 3:09-cv-01246-JAH-AJB |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
John Allen Houston, District Judge, Presiding

Argued and Submitted November 7, 2011
Pasadena, California

Before: SCHROEDER and LEAVY, Circuit Judges, and GILLMOR, District
Judge.**

Plaintiff-Appellant Shelly Anne Hudson appeals the district court's

dismissal of her Federal Tort Claims Act ("FTCA") claim pursuant to *Feres v.*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Helen W. Gillmor, United States District Judge for the
District of Hawaii, sitting by designation.

*United States*, 340 U.S. 135 (1950).  The district court held that Hudson's FTCA claims were incident to her active military service and were, therefore, barred by the *Feres* doctrine.  We appreciate Hudson's counsel's acknowledgment that *Feres* is binding upon this Court.  Hudson seeks to overturn *Feres* in the United States Supreme Court.

We review a dismissal pursuant to the *Feres* doctrine *de novo*.  *Jackson v. Tate*, 648 F.3d 729, 732 (9th Cir. 2011).  When a service member's injury is incident to military service, the service member lacks standing to pursue an FTCA claim.  *Id.* at 733.  Hudson was an active duty service member of the United States Navy during the events giving rise to the controversy.  The *Feres* Doctrine, therefore, bars Hudson's FTCA claim.  *See, e.g.*, *Atkinson v. United States*, 825 F.2d 202, 203-06 (9th Cir. 1987), *cert. denied*, 485 U.S. 987 (1988) (barring servicewoman's medical malpractice claim alleging military hospital's negligence caused her child to be stillborn).

**AFFIRMED**.